# Com., ex rel., *v.* Tradesmen's Trust Co. of Philadelphia, Appellant.

*Corporation—Trust companies—Insolvency—Dissolution—Voluntary closing—Sufficiency of answer.*

1. A traverse to the averment of insolvency in a petition by the Attorney General for a receiver to wind up the affairs of a trust company, should be positive and unequivocal, and it is no sufficient traverse for the answer to deny the necessity for dissolution, on the ground that it had voluntarily closed its doors, not on account of insolvency, but in order to conserve and distribute its assets; and even when the traverse is positive and unequivocal, it is ineffectual if the fact that the institution has closed its doors is admitted.

2. Insolvency, in its legal sense as dealt with by the law regulating banks, trust companies and kindred corporations, exists whenever such an institution, from any cause, is unable to pay its debts in the ordinary or usual course of its business.

*Appeals—Certiorari—Order dissolving corporation.*

3. No appeal lies from an order of the Court of Common Pleas of Dauphin County dissolving a corporation. If an appeal is taken from such an order it can only be regarded by the appellate court as a certiorari, taking nothing up except the record in the case.

Argued May 20, 1912.   Appeal, No. 3, May T., 1912, by respondent, from decree of C. P. Dauphin Co., Commonwealth Docket, 1911, No. 219, declaring respondent insolvent and ordering its dissolution, in the case of Commonwealth of Pennsylvania, ex rel., John C. Bell, Attorney General, v. Tradesmen's Trust Company of Philadelphia.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Suggestion to dissolve a corporation.   Before McCARRELL, J.

The opinion of the Supreme Court states the case. ·

*Error assigned* was decree of the court.

*Henry J. Scott,* with him *John G. Johnson,* for appellant.

*John C. Bell,* Attorney General, with him *William N. Trinkle,* Assistant Deputy Attorney General, for appellee.

OPINION BY MR. JUSTICE STEWART, July 2, 1912:

The statute authorizing the particular proceeding out of which this controversy arises makes no provision for an appeal.   It results that the present appeal can be regarded only as a certiorari, bringing nothing to our attention except the record in the case.   In the first place we have the suggestion of the Attorney General, filed September 25, 1911, setting forth upon proper information, that the defendant corporation is in an unsound and unsafe condition to do business; that its business and manner of conducting the same is injurious and contrary to the interest of the public, and that said corporation is insolvent; that on Monday, September 18, 1911, it voluntarily closed its doors; that on Tuesday, September 19, 1911, a hearing was held by the Attorney General at his office, and that counsel

for the defendant there admitted the necessity for a temporary receiver, but denied insolvency, etc. Waiving the service of a rule, on 5th October, 1911, the defendant corporation, through its president, filed an answer which made no denial of any of the averments contained in the Attorney General's suggestion, but in which it was alleged that the corporation had voluntarily closed its doors September 18, 1911, not because it was insolvent, but in order to conserve its assets, so that they should be distributed in a proper manner to the interests of all concerned, and consenting that a receiver should be appointed. Next, we have the decree of the court in the following words, "And now, to wit; October 11, 1911, an answer having been filed admitting that said company is in an unsafe and unsound condition to do business, and admitting the necessity for the appointment of a receiver, the court having heard the testimony offered by the Commonwealth, finds that said Tradesmen's Trust Company is in an unsafe and unsound condition to do business, and that its business and manner of conducting the same is injurious and contrary to the interests of the public and that said corporation is insolvent." An order for the appointment of a receiver followed and for the dissolution of the corporation as well. It is the order for a dissolution contained in the decree, and that alone, which appellant seeks to avoid, and this on the ground that the insolvency of the corporation was not established in the manner required by law. The complaint is, that as shown by the decree itself, there was no "hearing by the court of the allegations and proofs of the respective parties." Section 9 of the Act of February 11, 1895, P. L. 4, provides that "whenever a corporation shall deny that there is good reason for the institution of the proceeding, or that its business should be closed, or that it should be dissolved, it shall forthwith file its answer in said Court of Common Pleas of the County of Dauphin ...... whereupon the

said court or law judge thereof, after hearing the allegations and proofs of the respective parties, shall make such order in the matter as the interest of the parties and that of the public may require." The court had before it the suggestion of the Attorney General averring facts which in themselves, if admitted, were entirely sufficient, without more, to warrant a decree of dissolution of the parties and that of the court "the interest of the parties and that of the public" so required. Not one of the charges preferred by the Attorney General, each specifying a statutory failure by the corporation, was directly or indirectly denied in the answer filed. Admitting that the corporation had closed its doors as charged, it simply avers that this was not because of insolvency. This was no denial of insolvency either directly or by necessary implication. If it was desired to contest the proceeding on any such ground the traverse on this point should have been positive and unequivocal. But what would a contest on this point have availed, in view of the admission that the corporation had closed its doors? This mere fact established insolvency within the meaning of the statute. The corporation was a trust company, and one of its privileges was to receive and pay out the money of depositors. Closing the doors of an institution of this character can only be construed as a clear admission that it is unable to meet the demands of its creditors according to the usual course of its business. It is not insolvency in its popular sense that the law regulating banks and trust companies and kindred corporations deals with, but insolvency in its legal sense, which exists whenever such an institution as this, from any cause, is unable to pay its debts in the ordinary or usual course of its business. Without this, there being no specific denial of insolvency, in the answer, the court would have been warranted in accepting it as admitted. Not only so, but it is only when "a corporation shall deny that there is good reason for the institution of the proceed-

320 COM., ex rel., v. TRADESMEN'S TR. CO., Appellant.

ing or that its business should be closed, or that it should be dissolved," (Sec. 9 of the act), that any issue requiring proof can be raised. Where there is no such denial, it is for the court "to make such order in the matter as the interest of the parties and that of the public may require." The record shows no denial of any of these things, all of which are distinctly averred The decree of dissolution is based on what the court properly regarded as admissions by the defendant which dispensed with other proofs, and the mere statement contained in it to the effect that the court had heard testimony offered by the Commonwealth, may well be regarded as mere surplusage. The defendants' appeal, if modification of the decree is desired, must be to the court that entered the decree. The appeal is dismissed at cost of appellant, and the decree is affirmed.