STATE BANKING BOARD et al. v. GOOSE CREEK STATE BANK. (No. 3375.)

Court of Civil Appeals of Texas. Texarkana. April 13, 1927.

Rehearing Denied April 28, 1927.

1. Banks and banking ⚖◻15—Bank, agreeing to deposit fund which depositary bank authorized transmitting bank to apply on indebtedness of officers, cannot recover from guaranty fund "deposit" (Depositors' Guaranty Fund Act).

Where plaintiff bank agreed to place $5,000 on interest in bank subsequently becoming insolvent, and draft therefor was sent to third bank, which applied proceeds on debt owing to it by directors and cashier of insolvent bank, and transaction was ratified, plaintiff bank *held* not entitled to recover against depositors' guaranty fund; transaction not having created a "deposit" in insolvent bank within meaning of Depositors' Guaranty Fund Act (Rev. St. 1925, arts. 437–489).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deposit (Noun).]

2. Banks and banking ⚖◻15—To create "deposit" within guaranty fund, money or its equivalent must be placed in depositary (Depositors' Guaranty Fund Act).

Either money must be placed in bank in reality for the benefit of the depositor, or checks or drafts subject to his order must be delivered to or left with the bank, by virtue of which title to the money passes to the bank, in order to create a "deposit" within the meaning of Depositors' Guaranty Fund Act (Rev. St. 1925, arts. 437–489).

3. Banks and banking ⚖◻15—That bank is estopped to deny transaction created deposit cannot affect liability of depositors' guaranty fund (Depositors' Guaranty Fund Act).

Mere fact that an insolvent bank is estopped to deny that the transaction constituted deposit in it does not affect the liability of the depositors' guaranty fund; the only liability on such fund being that imposed by Depositors' Guaranty Fund Act (Rev. St. 1925, arts. 437–489).

---

⚖◻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by the Goose Creek State Bank against the State Banking Board and others. From a judgment in favor of plaintiff, defendants appeal. Reversed and rendered.

The suit was by the Goose Creek State Bank against the banking commissioner of the state and the state banking board, to establish a claim as a deposit in its favor against the Shepherd State Bank, an insolvent state bank in liquidation, and to classify the claim as a noninterest-bearing and unsecured deposit, and to require payment out of the depositors' guaranty fund provided for by the banking laws of the state. The defendants' defense was, in effect, that the plaintiff was an unsecured creditor, and not a depositor, of the Shepherd State Bank within the Depositors' Guaranty Fund Act (Rev. St. 1925, Arts. 437–489). There was a nonjury trial, resulting in a judgment in favor of the plaintiff as prayed for.

The court filed findings of fact which, being warranted by the evidence, we adopt in entirety. As appears, in November, 1920, there was an "understanding between the cashier of the Shepherd State Bank and the cashier of the Goose Creek State Bank" to the effect that the latter bank would place and keep $5,000 of its surplus funds on deposit in the Shepherd State Bank; the latter bank to pay interest monthly at the rate of 4 per cent. per annum. No fixed time was agreed upon for such funds to be deposited in the Shepherd State Bank. Several days afterwards, on November 18, 1920, in pursuance of such understanding, the cashier of the Shepherd State Bank drew a sight draft for $5,000, payable to the Shepherd State Bank by the Goose Creek State Bank, and sent it direct to the Houston National Exchange Bank. The Houston National Exchange Bank forwarded the sight draft for collection along with another check for $5,885.60 to the Goose Creek State Bank. Payment in due course was made by the Goose Creek State Bank of both checks in one remittance to the Houston National Exchange Bank. As a fact admitted by the parties:

"The Goose Creek bank paid both of the items by a check on the Guaranty State Bank of Goose Creek and on the People's State Bank of Houston, dated November 26, 1920. The proceeds of these two collections were received by the Houston National Exchange Bank, and $5,000, being the proceeds of the draft drawn on the Goose Creek State Bank, was by the Houston National Exchange Bank applied and credited on the note of Ed Cochran and the directors of the Shepherd State Bank, previously executed."

Thereupon, according to the court's finding:

"The Shepherd State Bank placed and carried this transaction on its books as a deposit with such bank by the Goose Creek State Bank, and same was duly entered upon its ledger, though the ledger sheet upon which the item was carried was found in a drawer in its vault by the liquidating agent after the bank was closed. In this connection, the court further finds that monthly after such deposit was entered the Shepherd State Bank sent by due course of mail, to the Goose Creek State Bank, statements showing that this $5,000 was carried on deposit with Shepherd State Bank to the credit of Goose Creek State Bank, and that such monthly statements were examined and seen in the Goose Creek State Bank by examiners representing the banking commissioner of Texas."

The Goose Creek State Bank "carried the $5,000 in the books as an inactive account, and the balance was brought forward from day to day."

"The court further finds that at the times above mentioned the directors of the Shepherd State Bank were indebted to the Houston National Exchange Bank as evidenced by their note and described in the written statement of facts between plaintiff and defendants herein and introduced in the trial of this cause. While the note in question was signed by the directors of the Shepherd State Bank, the proceeds of the note, nevertheless, was used by the Shepherd State Bank for its benefit. When the $5,000 remittance from Goose Creek State Bank was received by Houston National Exchange Bank, the latter bank applied this $5,000 to the credit of this note, but no evidence was introduced by any party of the case showing just what authority the Houston bank had from the Shepherd bank to so apply such $5,000 on the note in question. However, if there was any lack of authority, the court finds that the Shepherd State Bank accepted and ratified the action of the Houston bank in so applying such $5,000.

"The court further finds that plaintiff, Goose Creek State Bank, knew nothing of the dealings between the Shepherd bank and the Houston National Exchange Bank, and knew nothing of such note or notes, and did not consent to the appropriation of such $5,000 by Houston National Exchange Bank.

"The court further finds that the Shepherd State Bank paid interest on such deposit of $5,000 to Goose Creek State Bank up to and including the month of April, 1921, but that thereafter no interest was paid on such deposit.

"The court further finds that during the month of April, 1921, by agreement between the cashiers of Shepherd State Bank, to wit Ed Cochran, and Goose Creek State Bank, to wit, Jeff Cochran, this deposit was changed from an interest-bearing to a noninterest-bearing deposit, and no interest was paid thereon or demanded thereon thereafter.

"The court further finds that, from November 27, 1920, down to about two months before this case was tried before this court, Goose Creek State Bank carried this $5,000 item upon its books as a deposit with Shepherd State Bank, and that its books down to April, 1921, disclosed the fact that such deposit was interest bearing, and that after April, 1921, its books disclosed that same was not an interest-bearing deposit.

"The court further finds that, had the Goose Creek State Bank demanded payment of such

$5,000 deposit at any time during the month of April, 1921, the Shepherd State Bank could have paid such deposit out of its cash on hand and in other banks on any day during April, 1921, except on April 4th, 5th, 6th, 7th, and 14th, but that on said five last-mentioned days Shepherd State Bank did not have sufficient cash on hand and with other banks to have paid said $5,000 deposit.

"The court further finds that the Goose Creek State Bank and its officers and directors had no knowledge of the condition of Shepherd State Bank at the time the deposit was made in November, 1920, or at the time the deposit was changed from interest-bearing to noninterest-bearing in April, 1921, and that the first knowledge of any character that the officers or directors of Goose Creek State Bank had that the Shepherd State Bank was actually failing or insolvent was in August, 1921, on the date, or on the day after, the Shepherd State Bank was closed by order of the banking commissioner of Texas.

"The court further finds that Shepherd State Bank was actually insolvent during the entire month of April, 1921, and thereafter until such bank was closed in August, 1921, but that the officers and directors of Goose Creek State Bank had no knowledge, directly or indirectly, of the failing or insolvent condition of Shepherd State Bank at or before the time such deposit was changed from an interest-bearing to a non-interest-bearing deposit some time during the month of April, 1921."

Five thousand dollars in money was never placed in the Shepherd State Bank, and the Goose Creek State Bank relies upon the transactions above stated as constituting "a deposit."

Riley Strickland, of Amarillo, for appellants.

Atkinson & Atkinson and Kurtz E. Gaugler, all of Houston, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellants' propositions in effect present the point that the special circumstances of the present case do not constitute "a deposit" within the purview of the Bank Deposit Guaranty Act, and on that account the claim of the appellee bank is not entitled to the protection of the act. The facts found by the court can be summed up in order to give effect to the real dealing between the two banks. The appellee bank, through its cashier, upon the solicitation of the cashier of the Shepherd State Bank, consented to place on interest in the latter bank $5,000 of its surplus. Thereupon the cashier of the Shepherd State Bank, acting upon his own volition, and without prearrangement to that effect, as must be inferred from the record, made out a sight draft in favor of the Shepherd State Bank on the appellee bank for $5,000 as an undertaking by that bank of the transmission of such funds for the advantages arising to it from the probable temporary use of the money or interest. Instead of forwarding the draft directly to the appellee bank, the cashier of the Shepherd State Bank on his own initiative, as seemingly shown, forwarded it through the Houston National Exchange Bank for collection. And the appellee bank, on presentation of the draft, paid the money over to the Houston National Exchange Bank. After receiving the remittance, the Houston National Exchange Bank did not credit the amount on its books, or remit it to the Shepherd State Bank, but, without previous authorization, "applied and credited this $5,000 on the note of Ed Cochran and the directors of the State Bank of Shepherd, previously executed," and "the Shepherd State Bank accepted and ratified the action of the Houston bank in so applying such $5,000." Thereupon "the Shepherd State Bank entered and carried this transaction on its books as a deposit with such bank by the Goose Creek State Bank, and the same was duly entered upon its ledger; and the Shepherd State Bank paid interest on such deposit to the Goose Creek State Bank up to and including April, 1920, but thereafter no interest was paid; and the Shepherd State Bank by due course of mail regularly sent statements to the Goose Creek State Bank, showing that the $5,000 was on deposit to the credit of the Goose Creek State Bank." It is believed that the appellants' contention should be sustained that the transaction did not constitute a "deposit" within the purview of the act, and hence the claim was not entitled to payment out of the state guaranty fund. It has more of the characteristics of an intended loan than an actual "deposit"; and it failed to be effective as an actual "deposit" in fact.

[2, 3] In order to create a "deposit" within the meaning of the act, it is essential that (1) "the money is placed in the bank in reality for the benefit of the depositor," or that (2) "there are delivered to or left with the bank checks or drafts, the commercial equivalent of money, subject to his order, and by virtue of which action the title to the money passes to the bank." Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; Chapman v. Bank (Tex. Civ. App.) 276 S. W. 731; Bank v. Bank (Tex. Com. App.) 272 S. W. 775; Banking Board v. Pilcher (Tex. Com. App.) 270 S. W. 1004. The facts do not bring the case at all within the test laid down. There is no pretense in the evidence that the "money" ever reached or was actually placed in the Shepherd State Bank by the appellee bank. The account carried by that bank was in fact a matter of mere bookkeeping, treating the transaction as a cash deposit. And it fully appears that the appellee bank did not "leave or deposit a check or draft subject to its order" with the Shepherd State Bank, importing the relation of principal and agent in the collection. On the contrary, the Shepherd State Bank on its own initiative drew a draft on the appellee as an undertaking by that bank it-

self of the transmission of the funds for the advantages arising to it from the probable temporary use of the money by paying interest thereon. Hence the time the appellee bank could predicate a right respecting the transmission of the funds even though "a deposit" was intended by it, relates entirely to the time of payment of the draft. And although the effect of the payment of the draft was to work a delivery, having origin at the time, of the funds to the Houston National Exchange Bank in the capacity of agent of the Shepherd State Bank for collection, yet a "deposit" of the funds in the latter bank was never accomplished and made effective, in the purview of the act. Payment by appellee bank of the funds over to the Shepherd State Bank, acting through its agent, and the subsequent entry by the latter bank of a credit on its books treating the dealing as a cash deposit, has probably the effect of estoppel of the latter bank to deny a "deposit" as between the two banks as such. A general obligation would arise in favor of appellee bank against the Shepherd State Bank as such. But what might be an estoppel against said bank may not be an estoppel against the guaranty fund. The bank and its officers could do nothing to impose a liability upon the guaranty fund, except as the liability is imposed by statute. The banks, as such, have nothing to do with the guaranty fund.

The judgment is reversed, and judgment is here entered in favor of appellants, with all costs of the trial court and of this appeal.