(No. 21442.—

CZILLI CZECZ, Appellant, *vs.* THE NEW ERA ASSOCIATION,
Appellee.

*Opinion filed October 22, 1932.*

GEORGE R. WARNER, and DAVID J. PEFFERS, for appellant.

MUSGRAVE, OPPENHEIM, PRICE & EWINS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an action of assumpsit in the circuit court of
Kane county against the New Era Association, a fraternal
benefit association organized under the laws of Michigan,
upon a benefit certificate for $2000 issued upon the life of
Joseph Czecz, the husband of the plaintiff, Czilli Czecz, who
was named as beneficiary. The certificate was issued on
April 20, 1926, and the insured died on June 24, 1927. Due
proof of his death was made, and on December 19, 1927,

the following letter was written, dated at the office of the association and addressed to her at her address in Aurora, Illinois, and was received by her:

"The cabinet of the New Era Life Association in a regular session held in the president's office December 14, 1927, passed the following resolution:

" '*Resolved,* that the claim presented by Czilli Czecz on account of the death of Joseph Czecz is not on its face a valid claim, and that the general secretary is instructed, on behalf of the cabinet, to notify said claimant of her right to appear before the cabinet, either in person or by attorney, within sixty days after mailing of notice, to present such evidence as she may have to establish the validity of the claim.'

"Very truly yours,

NEW ERA LIFE ASSOCIATION."

On June 23, 1928, the appellant began this suit.

The declaration consisted of two counts. The defendant pleaded the general issue to the declaration and filed two special pleas, one to each count. The plaintiff demurred specially to the special pleas, the demurrers were sustained, and the defendant elected to abide by its pleas. The cause was tried by the court without a jury, the defendant introduced no evidence, the court found for the plaintiff and rendered judgment for $2000. The defendant appealed to the Appellate Court, which held that the trial court had erred in sustaining the demurrer to the second special plea, reversed the judgment and remanded the cause. On motion of the plaintiff the judgment was amended by striking out the remanding order, and an appeal and certificate of importance were allowed.

The first count alleged the issue to the plaintiff of the benefit certificate for $2000, naming her as beneficiary, the compliance by the insured with all the conditions of the certificate, the constitution and laws of the association, the death of the insured while in good standing, and notice to the defendant of his death. The certificate states that it is accepted on the additional warranties, conditions and agreements printed on the back of the certificate, which

are a part of the same, and a condition printed on the back of the certificate provides that if the death of the member shall be caused by the beneficiary or beneficiaries, except in accidents, then the contract was to be null and void. The special plea to the first count alleged that in the written application for the insurance the insured agreed that the application and the by-laws of the defendant then in force or thereafter legally adopted should form the basis of his membership in the defendant; that the insured came to his death through a conspiracy between the plaintiff and Peter Seres, "wherein said Joseph Czecz would become intoxicated through the efforts of said Czilli Czecz, and that the said Peter Seres would then get in a quarrel and fight with the said Joseph Czecz and thereby be killed." The appellee admits that the trial court properly sustained the demurrer to this plea and that the Appellate Court properly sustained the action of the trial court in this respect. This is obviously so.

The second count of the declaration made the following allegations additional to those of the first: That the defendant accepted and acted upon the notice of death so given it and acknowledged the sufficiency of the notice but denied liability because the claim so presented was not on its face a valid claim, and notified the plaintiff of the action of its cabinet on the claim by the letter of December 19, 1927, which has already been recited. The special plea to this count alleged that at the time of the death of the insured there was in full force and effect a by-law of the defendant which provided that the cabinet of the defendant should pass upon all death claims, and if in its judgment any such claim presented was not on its face a valid claim, the cabinet should so notify the claimant and give her or her attorney an opportunity to appear before the cabinet within sixty days after the mailing of such notice and present such evidence as they might have to establish the validity of such claim, and the final decision of the cabinet on any claim should

be conclusive unless an appeal be taken as therein provided; that in case of a rejection of any claim by the cabinet the claimant should have an option, within thirty days after the mailing of the notice of such action, of appealing to the senate or to a board of arbitration consisting of five members, two to be appointed by the cabinet, two by the claimant and a fifth (the chairman) to be appointed by these four; that if the claimant should elect to apply to either the senate or board of arbitration, he should file with the general secretary, within thirty days, notice in writing of such appeal, stating whether such appeal is to the senate or board of arbitration, and in the absence of such written notice the right of appeal should be considered waived and the action of the cabinet should be considered final and exclusive; that in case of an appeal to such a board of arbitration the decision of the majority either rejecting the claim or allowing it in whole or in part should be final and conclusive; that should a majority of such board fail to reach an agreement, the claimant might, within thirty days thereafter, at his option, appeal to the senate by filing with the general secretary, in writing, a claim of such appeal; that no suit at law or in equity should be commenced or maintained by any member or beneficiary against the defendant unless and until such member or beneficiary had first followed the procedure and exhausted all remedies provided for by the laws of the defendant. The plea further avers that the plaintiff presented her claim, and it was duly submitted, according to the by-laws of the defendant, to its cabinet, which in its judgment found it on its face to be not a valid claim, and the plaintiff was so notified by the cabinet and also notified of her right to appear before the cabinet within sixty days after the mailing of such notice and present such evidence as she might have to establish the validity of her claim; that the plaintiff neglected to appear before the cabinet within sixty days and present evidence establishing the validity of her claim and the cabi-

204

net rejected the claim; that the plaintiff took no appeal from the decision of the cabinet, and its decision still stands a final adjudication according to the contract of the parties.

This by-law was made the basis of the defense in a plea to an action upon a beneficiary certificate issued by the defendant here, in *Benza* v. *New Era Ass'n,* 323 Ill. 297. A demurrer to the plea was sustained, and the cause was tried, as was the case here, upon the issues made on other pleas, resulting in a verdict and judgment in favor of the plaintiff. The defendant appealed, assigning for error the sustaining of the demurrer to its plea. It was argued that the provision of the by-law that a beneficiary who is not satisfied with the action of the cabinet may appear before the cabinet and present such evidence as she may have to establish her claim is an unreasonable requirement, for the reason that either the claimant or her counsel must attend upon the meetings of the cabinet for the purpose of presenting such claim. It was held that so construed the by-law would be unreasonable in its provisions but it is to be construed as permitting the filing of such additional evidence before the cabinet in writing, as proofs of death are filed, and can not be said to require the presence of the applicant at the home office. The argument of the plaintiff in that case was that the by-law was unreasonable and therefore not binding on the plaintiff, and did not limit her right to appeal to the courts without following the remedy prescribed by the by-law in the tribunals of the association. The argument in this case is not against the reasonableness of the by-law, but is that the action of the cabinet in notifying the plaintiff of her right "to appear before the cabinet, either in person or by attorney, within sixty days after mailing of notice, to present such evidence as she may have to establish the validity of the claim," was a violation of the by-law as construed in the *Benza case,* by requiring the personal attendance of the plaintiff or her attorney before the cabinet,

and for that reason absolved her from presenting any evidence to the cabinet or making any further effort to prosecute her claim before the tribunal prescribed for that purpose by the by-law of the association. We do not agree with this construction of the notice. The language of the by-law as set out in the plea is that the cabinet should pass upon all death claims, and if in its judgment any such claim presented was not on its face a valid claim, the cabinet should so notify the claimant and give her or her attorney an opportunity to appear before the cabinet within sixty days after the mailing of such notice and present such evidence as they might have to establish the validity of said claim. The language of the by-law requires the cabinet to notify the plaintiff of the fact that her claim was not on its face a valid claim and give her or her attorney an opportunity to appear before the cabinet within sixty days and present evidence. The notice was that the claim was not on its face a valid claim, and she had the right to appear before the cabinet, either in person or by attorney, etc. Both in the by-law and the notice the language is, "an opportunity to appear before the cabinet." The notice adds, "in person or by attorney." The by-law requires her to be notified and the opportunity to appear before the cabinet to be given to her or her attorney. The holding of the *Benza case* seems applicable that the by-law does not require the presence of the claimant at the home office of the association, and that the notice imposes no such requirement by extending the notice and the opportunity to both the appellant and her attorney.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*