Opinion by
Head,J.,
In Hayes v. Beneficial Union, ante, p. 142, we considered *203 at length some of the legal principles proper to be applied in the construction of beneficial certificates issued by societies like the appellee. What was there said we need not here repeat. Were the present case, in its facts, like that one, nought would remain but to enter the judgment contended for by the appellants in accordance with the doctrine there enunciated. But a careful study of both cases, in the light of the authorities, leads to the conclusion they are to be broadly distinguished. The distinction between them is essentially the same that led the Supreme Court to different conclusions in the cases of Hale v. Equitable Aid Union, 168 Pa. 377, and Chambers v. Knights of Maccabees, 200 Pa. 244.
It is to be remembered, in all such cases, that the member who purchases such certificate, thereafter occupies a dual relation towards his society. He ceases not to be a member, and in this relation he is bound, like every other member, by the obligation to obey the laws that may be, from time to time, duly ordained for the government of the society and its members. His refusal to do so may be punished in such reasonable and appropriate manner as the laws themselves may prescribe. But he also maintains a contractual relation, and his contractual rights, when once fixed and established, cannot afterwards be impaired or destroyed by any act merely of the other party, he not assenting. In other words the law will not presume that such contracting party, merely by the expression of his willingness to obey the by-laws of his society, has assented to the proposition that the penalty for a subsequent neglect or refusal to obey such laws, shall be the loss of his rights, under a contract which, in its terms, does not incorporate as a part of it or need in explanation or construction of it, such by-laws.
But the member who elects to become beneficial has, like every other person sui juris, an unlimited capacity to contract so long as the paramount law or established policy of the state be not contravened. If he choose to write in and as a part of his contract, that the benefits therein specified shall become due and payable only on condition that he shall have, down to the date of his death, “fully complied with the charter, constitution, rules, by-laws,” etc., there is no reason why he should *204 not be bound thereby. The law will not aid him in enforcing his right and at the same time permit him to evade or refuse to perform the condition on which the right rests. This is precisely, as we view it, the situation of the present plaintiffs. The existence, in the body of the certificate, of the proviso from which we have just quoted, is the impassible barrier that separates the plaintiffs from the recovery they seek. This it is that distinguishes the present case from Hale v. Equitable Aid Union and Hayes v. German Beneficial Union, ante, p. 142, and classes it with Chambers v. Knights of Maccabees. Under the authority of the latter we must hold that the plaintiffs can recover only such sum as, after compliance with the Constitution and by-laws by their decedent, they would have the right 'to claim. Under the facts agreed upon in the case stated it clearly appears that such compliance on his part would have left him a member of what is called the first class of beneficiaries whose claims cannot exceed $1,000. The judgment entered by the learned court below is exactly responsive to the doctrine here indicated and the assignment of error must therefore be dismissed:
Judgment affirmed.