# Taylor *v.* Order of Sparta, Appellant.

*Equity—Equity practice — Parties defendant — Unincorporated association—Failure to name individual defendants—Appearances —Waiver.*

1. A bill in equity which names an unincorporated' association as defendant is a nullity, but where an amendment is subsequently made naming individual members as codefendants with the association, and the defendants appear by their counsel and take part in the trial they will be held to have waived the technical defects in the pleading.

*Beneficial associations—Unincorporated societies—Insolvency— Receivers.*

2. A beneficial association is not an insurance company and is not required to keep a reserve fund sufficient to meet its probable liabilities; such an association is not insolvent in the legal sense if it is able to pay its debts in the ordinary or usual course of its business as they fall due.

3. Where a bill in equity brought against an unincorporated beneficial association alleged that the association was insolvent, it was error to appoint receivers where it appeared that the association was able to meet its liabilities as they fell due, although it was probable that the association would ultimately become insolvent; especially where there was no allegation of fraud or mismanagement on the part of the officials of the association in the conduct of its business.

*Equity—Equity practice—Findings of fact and conclusions of law—Opinion of trial judge.*

4. It is improper practice in the trial of equity cases for the chancellor to mingle his findings of fact and conclusions of law with a discussion of the questions involved. The findings of fact and conclusions of law should be stated in separate and numbered clauses followed with a discussion of the questions involved under a separate head.

Argued March 23, 1916. Appeal, No. 76, Jan. T., 1916, by defendants, from decree of C. P. No. 5, Philadelphia Co., March T., 1915, No. 3676, in equity, on bill in equity for the appointment of a receiver, in case of J. R. Taylor,

Henry A. Newbold, David B. Hallinger, and David Baird v. Order of Sparta, Wm. F. Lester, Robert A. Welsh and John L. Smith.  Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.  Reversed.

Bill in equity for the appointment of a receiver.  Before STAAKE, J.

From the record it appeared that the bill was filed by J. R. Taylor, Henry A. Newbold, David B. Hallinger, and David Baird, against the Order of Sparta.  It was averred in the bill, that the complainants were a committee representing several hundred members of the Order of Sparta, all of whom had been members for over twenty-five years; that the defendant order was an unincorporated fraternal beneficial association, organized in 1880, and composed of a grand senate and subordinate senates; that its government was entrusted to William F. Lester, great regent; Robert A. Welsh, great secretary, and John L. Smith, great treasurer; that the membership of the order was divided into certain classes to whom beneficiary death certificates were issued for various amounts; that the certificate holders covenanted to pay certain assessments; those of members of twenty-five year's standing and more, to be paid out of the "permanent fund"; that in January, 1915, the great senate had levied assessments on all members of more than twenty-five years' standing, and directed that upon the failure of the members to pay such assessments in cash, they should be suspended and expelled from the order, and that the order was decadent, and insolvent, having a total insurance liability of over $4,700,000 and assets amounting to only $166,898.20, of which $107,000 were charges against, and were to be deducted from, beneficiary certificates thereafter to mature.  The complainants prayed for an injunction restraining the order from suspending or expelling members who failed to pay the assessment levied by the order, and for an account, and for the appointment of a receiver for the assets and ef-

fects of the order. There was no charge in the bill of fraud, dishonesty or mismanagement.

Upon the bill being filed, the court below granted a rule to show cause why a special injunction should not issue, and on the return day of the rule, an answer was filed by William F. Lester, great regent of the defendant order.

In the answer it was averred, that the bill could not be maintained because the order was an unincorporated beneficial association, and the suit was brought against it eo nomine, without the joinder of any of the members as defendants, and the court was without jurisdiction to permit an amendment adding as defendants, parties not served with process, and that members failing to pay their assessments after notice, within the time limited by the constitution and by-laws, would be automatically suspended and expelled, without action by the officers. It was denied that the order was decadent or insolvent.

No replication was filed, but on the hearing of the rule, it was agreed that the hearing should be a final one. After such hearing, the trial judge found that the order was not only decadent, but insolvent, and entered a decree nisi granting an injunction as prayed for, and appointing receivers, with authority to take possession of all the assets of the order and hold them to await the ultimate disposition of the case.

During the hearing, the trial judge permitted the record to be amended, so that the names of the defendants should read: "William F. Lester, Robert A. Welsh and John L. Smith, and others having the same interest and whose names are to be hereafter ascertained, trading as The Order of Sparta." To the allowance of this amendment plaintiffs excepted.

Exceptions were filed, to the findings and conclusions of the trial judge, but they were dismissed by the court in banc, and a final decree, substantially the same as the decree nisi, was entered. Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the hearing judge and the decree of the court.

*Francis Chapman,* of *Chapman & Chapman,* with him *Wm. S. Wallace* and *Charles Hunsicker,* for appellants.

*Emanuel Furth,* with him *David Borton* and *Jacob Singer,* for appellees.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

The bill in this case was originally filed against The Order of Sparta, which is an unincorporated beneficial association, and as such does not constitute a legal entity, against which suit may properly be brought: Maisch v. Order of Americus, 223 Pa. 199. Realizing that the bill had not been properly filed, counsel for plaintiffs moved to amend by adding as defendants the names of three of the chief officers of the association as representing themselves and all others having the same interest. The bill should have been framed in this way in the first instance. The amendment was allowed, subject to exception, and counsel for defendants then asked for a postponement of the trial, which was granted. When the case was again called, the hearing proceeded without objection. The parties whose names were added were set forth in the bill and in the answer as the chief officers of the order. One of them, W. F. Lester, signed and swore to the answer which he made, in his individual capacity. Another, Robert A. Welsh, was present in court during the trial and was the first witness examined. The same counsel appeared for the association and for the individual defendants. It is suggested that the original bill was a nullity, as no real defendant was named, and that it was not therefore capable of being amended. Technically this objection is well founded. But if it had been sustained, and the bill dismissed, a new bill could at once have been filed, and served on defendants. The

result would have been a short delay, and if this would have been of any advantage to defendants, it would have been nothing more than that which they had by means of the motion for a postponement, which was granted by the trial judge. In asking for delay, and in agreeing to the date for hearing, which it was also agreed should be final, and by appearing for defendants and taking part in the trial, we think counsel for defendants should fairly be held to have waived all technical objections to the regularity of the amendment.

The findings of fact and conclusions of law of the trial judge, confirmed by the court below, were with one exception favorable to the defendants. It was held that the order was not to be regarded as a copartnership, and that the amendments of 1907 and 1915 to the constitution and by-laws of the order were binding upon every member, and that they had the legal effect claimed by defendants. The decision followed Chambers v. Supreme Tent of Knights of Maccabees, 200 Pa. 244, and Suckling v. Artisans' Order of Mutual Protection, 35 Pa. Superior Ct. 199, and is in accordance with the distinction pointed out in Marshall v. Pilots' Assn., 206 Pa. 182, 183, between cases where changes in by-laws were made after the member had acquired special rights as a creditor, and those where the changes had been made before such rights accrued.

The only finding against defendants was that the Order of Sparta is insolvent, and it is upon this finding that the decree is based. Admittedly the Order of Sparta is a beneficial association, and not an insurance company, and its contracts with its members are not insurance policies. They fall within the line of decision in Com. v. Equitable Beneficial Assn., 137 Pa. 412; Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99; Fischer v. American Legion of Honor, 168 Pa. 279; Blair v. Supreme Council Legion of Honor, 208 Pa. 262; Ogle v. Barron, 247 Pa. 19. It was held in Marcus v. Heralds of Liberty, 241 Pa. 429, and Helmbold v. Independent

Order of Puritans, 61 Pa. Superior Ct. 164, that the contracts issued by the defendant associations were insurance policies, and not benefit certificates. In the present case, however, the contracts of plaintiffs were unquestionably benefit certificates. But in determining the solvency of the order, the trial judge applied a rule which would require the creation and maintenance of a reserve fund substantially like that required of life insurance companies. He said that as applied to the present case, "solvency does not necessarily mean the mere ability to pay the amount of the certificates of certain members who may die in the present, but does not provide the means for the establishment and maintenance of a fund which will secure and guarantee the payment of all the certificate holders when the certificates mature by the death of each one of such certificate holders." We know of no warrant for holding a beneficial association to so high a standard. As it is not an insurance company, and its contracts not insurance policies, the ordinary rule for determining solvency should be applied. In the recent case of Com., ex rel., v. Tradesmen's Trust Co. of Philadelphia, 237 Pa. 316, the syllabus, which follows substantially the language of the opinion by Mr. Justice STEWART, (p. 319) reads: "Insolvency, in its legal sense as dealt with by the law regulating banks, trust companies and kindred corporations, exists whenever such an institution, from any cause, is unable to pay its debt in the ordinary or usual course of its business." It is evident that the Order of Sparta is not insolvent in this sense. It has thus far met its obligations, and it does not appear that it has any outstanding liabilities due and unpaid. It has a substantial balance in its treasury and it has shown by uncontradicted expert testimony that during the current year it can raise sufficient money from assessments to meet the probable death claims during that period and leave a surplus over. The trial judge was evidently of opinion that the order would eventually not be able to

carry out its contracts with its members, and he held that while it may not be technically insolvent at this time, it is, in the language of the bill, "decadent" and bound to become actually insolvent within a short space of time. The evidence tended strongly to support this conclusion. In the original constitution of the order, provision was made for a permanent fund which was to be formed by diverting a specified sum from each assessment collected, which was to be used for the payment of the assessments levied upon members in good standing who had belonged to the order for twenty-five consecutive years, and who were by the same section exempted from other liability for assessments. It is conceded that the scheme for a permanent fund was, a failure, and that by a subsequent amendment to the constitution, the permanent fund was abolished, and it was provided that the members who were on that fund, should be required to pay assessments the same as other members. But the defendants now assert their belief, that the permanent fund having been abolished, and the constitution having been amended as stated, the order will soon regain its prosperity through increased receipts from assessments, and the addition of new and younger members. They claim at any rate the right to test their new plans without interference, especially as their testimony shows that the order will be able to meet all obligations likely to fall due for more than a year to come.

The trial judge found expressly that there was neither allegation nor proof of fraudulent conduct, dishonesty or intentional mismanagement, on the part of the officials of the order. The unintentional mismanagement consisted only in following the scheme of operation which was established by the constitution of the order, for which the officers were not more responsible than any of the other members. It is suggested in the argument of counsel for appellants that a large majority of the members are not dissatisfied with the new assessments. The beneficiary certificates of the order recite an express

agreement by each member "to accept the same, subject
to such laws, rules, regulations and decrees as may now
exist or may hereafter exist or be adopted by the said
Great Senate of Sparta." Each member also signed an
acceptance in which he agreed to pay all assessments re-
quired of him. This would apparently bind the mem-
bers to the payment of assessments to an amount suf-
ficient to meet any obligations that may be incurred.
We know of no power in the court to revise these rules
and regulations of the order, which have been adopted
in accordance with its constitution. The rule seems to
be as stated in Niblack on Voluntary Societies, Section
22, p. 44, where it is said: "In respect to the by-laws
of an unincorporated society, the court has no visitorial
power, and may not determine whether they are reason-
able or unreasonable." A case much like the present, is
Crombie v. Order of Solon, et al., 157 Pa. 588. There the
plaintiff, a certificate holder in a beneficial association,
filed a bill to prevent further exercise of its powers by
the association or disbursement of its funds. The paper
books in that case show that in granting an injunction,
the judge in the court below said: "I am decidedly of
opinion that the sooner the affairs of the order are wound
up the better. I do not think it possible to carry out the
scheme proposed in the constitution and regulations.
The hopes and prospects held out to members can never,
in my judgment, be realized. The circulars and cer-
tificates sent out to members and to induce new members
to join, are chimerical and illusive. Sooner or later the
scheme will fall and end disastrously." This court,
however, reversed the court below, and dismissed the bill
mainly upon the ground that the averments, which
denied by a responsive answer, had not been overcome by
proof. But Mr. Justice Mitchell said (p. 590) : "It is
doubtful if the bill presents any cause of action beyond
the dissatisfaction of a member of the minority with the
policy of the adminstration of the party in control."
And he added: "That the whole scheme of the Order of

Solon is utterly worthless, impracticable and certain to end in disaster, is no more the fault of the defendants than of the plaintiff." This language is appropriate to the case at bar. Complainants here must be held to have known and assented to the provisions of the constitution which were in force at the time of their admission to the order, and to have anticipated the possibility of changes and alterations therein, which might thereafter be lawfully made.

We find nothing in the record to justify the conclusion that the Order of Sparta is at the present time insolvent, under the law applicable to fraternal, beneficial associations. Such societies cannot be held to the rigid rules which are used to safeguard insurance contracts. To do so, would practically mean to prohibit their formation, or existence. We do not see that the court is justified in appointing receivers, and in winding up the business of the association, merely because its scheme of operation seems to the court to be impracticable, and likely to end in insolvency. This is particularly true, where as here, it appears that the association has no unpaid indebtedness, and has lawfully amended its constitution so as to permit of the employment of new methods which have not yet been tested, and where but a small minority of the members have expressed dissatisfaction with present conditions and prospects. The opinion of the learned trial judge in this case, shows that it is the result of great industry, and painstaking care in its preparation. But the findings of fact, and conclusions of law were mingled with a discussion of the questions involved in such a way as to be somewhat confusing. The value of the opinion would have been greatly increased, and the labor in reviewing the case would have been much lessened, if the findings of facts and conclusions of law had been stated in separate and numbered clauses, followed with a discussion of the questions involved, under a separate head. This is the correct equity practice, as pointed out in Hastings Water Co. v. Boro. of Hastings,

216 Pa. 178, 181, and cases there cited.   Upon the whole case here presented our conclusion is, that the court below erred in granting an injunction and in appointing receivers.

The decree is reversed, and it is ordered that the bill be dismissed.   The costs of this appeal to be borne by appellants in their capacity as executive officers of the Order of Sparta.