MAMIE BENZA, Defendant in Error, *vs.* THE NEW ERA ASSOCIATION, Plaintiff in Error.

*Opinion filed October 28, 1926—Rehearing denied Dec. 9, 1926.*

1. INSURANCE—*when by-law of benefit society is not invalid as denying right to resort to courts.*  A by-law of a benefit society is not invalid as denying a beneficiary the right to resort to the courts because it provides that a beneficiary claiming insurance on a benefit certificate shall apply to a cabinet or board of the society and if dissatisfied may appeal to a higher board or senate of the society but that if such appeal is not taken "no suit at law or equity shall be commenced or maintained by any member or beneficiary against the association," as the beneficiary may, by complying with the by-law, appeal to the courts from an unfavorable decision of the final tribunal of the society.

2. SAME—*when by-law of benefit society is not unreasonable.*  A by-law of a benefit society which provides that any beneficiary who is not satisfied with the action of the society on any claim may appear before a board of the society and present additional evidence is not unreasonable as requiring attendance of the claimant at the home office of the society, as such by-law must be construed as permitting the filing of such additional evidence before the board in writing, the same as proofs of death are filed.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

William S. Oppenheim, John A. McKeever, Earle E. Ewins, and James B. Gascoigne, for plaintiff in error.

Edward H. Taylor, (James H. Mahoney, of counsel,) for defendant in error.

Mr. Chief Justice Stone delivered the opinion of the court:

This action arises over the construction and effect of a certain by-law of the plaintiff in error fraternal benefit society, incorporated under the laws of Michigan. A benefit certificate was issued to Frank Benza. On his death his mother, defendant in error here, filed proof of death. Payment was refused and she filed suit on the certificate. The plaintiff in error, as defendant in such suit, filed certain pleas, and thereafter, on leave granted, filed an additional plea. Traverse was taken on all the original pleas and demurrer filed to the additional plea. The demurrer was sustained, and, the plaintiff in error abiding its plea, the cause was heard on the declaration and original pleas and verdict and judgment entered on behalf of the defendant in error. The Appellate Court affirmed the judgment, and the cause comes here by writ of *certiorari.*

The plaintiff in error's contention is that the trial court erred in sustaining the demurrer to its additional plea. This plea, after alleging the existence and character of the defendant and of the application of insurance for Frank Benza, deceased, the son of the defendant in error, sets out that at the time of the making of the application by Benza, and at the time of his death, there was in full force and effect a by-law of the association which provided that the cabinet of the association should have power to pass upon all death claims, and if in its judgment any such claim is not valid it shall notify the claimant, and give her and her attorney an opportunity to appear before the cabi-

net within sixty days thereafter and present such evidence as she may have to establish the justice and validity of her claim, and such decision shall be final unless an appeal is taken as thereinafter provided; that in case of the rejection of any claim by the cabinet, the claimant shall have the option, within thirty days after notice of such action, of appeal to the senate or to a board of arbitration consisting of five members, two to be appointed by the cabinet, two by the claimant and these four to appoint a fifth member, who shall be the president of the board of arbitration. Decision of a majority of these five composing said board, either rejecting the claim or allowing the same in whole or in part, shall be binding and final except as thereinafter provided. Should the claimant be dissatisfied with the finding of the board of arbitration, or should such board fail to reach an agreement, the claimant may appeal to the senate. Notice of appeal to the senate shall be filed with the general secretary within thirty days from the notice of the decision of the board of arbitration, or from notice of the decision of the cabinet in case arbitration is not elected. It is further provided by the by-laws that unless such appeal is taken no suit at law or equity shall be commenced or maintained by any member or beneficiary against the association on account of any benefit certificate issued by the association unless the claim sued upon has been allowed by the cabinet or board of arbitration or the senate under the procedure laid down by the laws of the association.

The only issue before us arises on the sufficiency of this plea. It is not contended by the defendant in error that the by-law did not become a part of the benefit certificate, by the agreement of the insured, at the time he made aplication for such insurance, but it is contended that such by-law is invalid, in that it deprives. the beneficiary of the right to resort to the courts and ousts the courts of their jurisdiction. The matter of the validity of a by-law of this character which limits the right to appeal to the courts has

been before the courts of this country in numerous cases and the decisions thereon have not been altogether in accord. It has, however, been generally held that it is competent for members of fraternal benefit societies to so contract with the society that their rights as members shall be determined by a tribunal provided for in the contract, and that such determination, when had, shall be conclusive. Courts, however, have been slow to sanction by-laws which provide that the final determination of such issue shall be made by the society itself, which is one of the parties to the controversy, or by its board of directors. One of the earlier cases so holding is that of *Railway Conductors' Benefit Ass'n* v. *Robinson,* 147 Ill. 138. In *Railway Conductors' Benefit Ass'n* v. *Tucker,* 157 Ill. 194, the same question was considered and was decided in the same manner. In *People* v. *Women's Catholic Order of Foresters,* 162 Ill. 78, a question arose as to the conclusiveness of decisions of tribunals of the society concerning matters of discipline and policy within the order. In that case the two cases previously herein cited were approved, but this language was also used: "But it is otherwise where a member claims money due from the society on its contract, or where the beneficiary of a deceased member claims money due from the society on its contract of insurance. In such case the right to resort to the courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society as conferred by its laws and rules. 'Courts of justice are freely open to those who seek money due them upon a contract.'" In *Supreme Lodge* v. *Meister,* 204 Ill. 527, the beneficiary did not submit proofs of death within the specified time. It was claimed by the insurance association before the trial that the plaintiff in that case could not recover upon the policy because of her failure to pay the necessary assessments. It was held that having placed the defense on that ground the society waived the provisions of the by-laws requiring proof of the death to be made within

a specified time. It was there said, however: "Neither was it compulsory upon the appellee that she submit her claim for adjudication to the tribunal provided for in the by-laws of the appellant before she could resort to the courts by instituting suit upon said benefit certificate," citing *People v. Women's Catholic Order of Foresters, supra.* In *Kelly v. Brotherhood of Railroad Trainmen,* 308 Ill. 508, cases involving the by-laws of fraternal benefit societies which made final the decisions of tribunals of the societies as to claims for benefits were reviewed, and it was held that such insurance contracts are not against public policy and will be enforced. In *Steen* v. *Modern Woodmen,* 296 Ill. 104, it was held, in accordance with previous decisions of this court, that by-laws of fraternal benefit societies providing that questions of dispute arising on certificates shall be submitted to arbitration by persons or tribunals other than legally organized courts constituted agreements of the parties and are to be sustained.

What was said in *People* v. *Women's Catholic Order of Foresters, supra,* concerning the difference in the rule applicable to causes arising over money claims and those disciplinary in character was not necessary to the decision of that case, as the case did not arise on a claim for money due under the certificate. The general rule is that members of a fraternal benefit society may by contract limit their right to appeal to the courts. Such a contract, however, will be construed strictly against the benefit society making the by-law.

The question arises here whether the by-law embraced in the plaintiff in error's additional plea is open to objection. It will be noted that it provides for appeal from the decision of the cabinet either to the senate or a board of arbitration, and in case a board of arbitration is chosen and decides against the claim an appeal to the senate is allowed. It is also provided that "unless such appeal is taken, no suit at law or equity shall be commenced or maintained by any

member or beneficiary against the association," etc. This does not, as argued by counsel for the defendant in error, place the final determination of questions arising on benefit certificates solely in the hands of the society. It is only when the final tribunal is not appealed to that suit in the courts is by the contract waived. This is the contract of the parties, and any beneficiary may, by complying with the provisions of the by-laws, appeal to the courts from an unfavorable decision of the final tribunal of the society. This by-law, therefore, is not invalid for that reason.

Counsel for defendant in error argue that the provision of the by-law which provides that a beneficiary who is not satisfied with the action of the cabinet may appear before the cabinet and present such evidence as she may have to establish her claim is an unreasonable requirement, for the reason that either the claimant or her counsel must attend upon the meetings of the cabinet for the purpose of presenting such claim. So construed the by-law would be unreasonable in its provisions, but it is to be construed as permitting the filing of such additional evidence before the cabinet in writing, as proofs of death are filed, and cannot be said to require the presence of the applicant at the home office.

We are of the opinion that the by-law in this case is not void and that the court erred in sustaining a demurrer to the additional plea. For this error the judgments of the superior and Appellate Courts are reversed and the cause remanded to the superior court, with directions to overrule the demurrer to plaintiff in error's additional plea.

*Reversed and remanded, with directions.*