Virden, Appellant, *v.* Carpenter et al.

Argued October 31, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Manus McHugh,* and with him *Walter Biddle Saul* and *Howard M. Long* of *Saul, Ewing, Remick & Saul,* for appellant, cited: Commonwealth v. Union League, 135 Pa. 301; Wick v. Fraternities, 21 Pa. Superior Ct. 507; Sanderson v. Brotherhood of Raillway Train-

men, 204 Pa. 182; Commonwealth ex rel. Fischer v. German Society, 15 Pa. 251.

*Francis S. Laws* of *Lewis, Adler & Laws,* for appellee, cited: Marshall v. Virden, 19 Pa. Superior Ct. 245; Marshall v. Pilots Association, 206 Pa. 182.

OPINION BY BALDRIGE, J., February 1, 1934:

John P. Virden, a member of good standing in the defendant association, was injured on July 5, 1930, while in the performance of his duties as a pilot, the injuries consisting of a sprain of the right hand, arm and wrist, which prevented him from performing duties as a pilot, but not from taking his regular turn as a captain of the pilot boat, which carried other pilots to and from ships, from July 12th to July 26th, after which, under the by-laws of the association, he was entitled to a two-weeks' vacation. At the conclusion of this vacation period, the appellant, in accordance with section 29 of the by-laws, furnished a substitute for the remaining portion of August and the month of September. At the end of September, not having sufficiently recovered to act as a pilot, the appellant, by letter, dated September 30, 1930, advised the president of the association of his injuries and of his disability to perform his duties as pilot, and requested half pay under the provisions of section 28 of the by-laws. The president, by letter, dated October 4, 1930, advised the appellant that by-laws 28 and 29, as interpreted by their solicitor, did not permit him to receive half pay as requested. Thereupon, the appellant demanded of the president a hearing, which he refused, stating "you already have my opinion." An appeal was taken to the board of directors, and they sustained the action of the president.

The plaintiff seeks to recover $678.96—half pay from November 11th to January 12, 1931, the date he

brought his action, alleging that he was entitled under section 28 of the by-laws to half pay as he was only temporarily disabled. The affidavit of defense denied these averments, and alleged that the constitution, which is a "binding contract," provides that "the decision of the board of directors shall be final and conclusive." The learned court below, adopting the appellees' contention, instructed the jury to find for the defendants.

The appellant concedes that associations of this character may, by constitution, or by-laws, deny to its members the right of appeal to the courts, affecting questions of discipline, doctrine, internal management (Com. v. Union League, 135 Pa. 301, 19 A. 1030), or disputed questions of fact (Sanderson v. B. of R. R. Trainmen, 204 Pa. 182, 53 A. 767; Taylor v. Order of Sparta, 254 Pa. 556, 99 A. 157); but claims that as to questions of law involving the regularity of the proceedings, the interpretation of the by-laws and constitution, etc., the jurisdiction of the courts is not ousted; that benevolent associations may not interpret their own contracts and become the judges of the meaning of the words contained therein, thus, in effect, creating judicial tribunals. Bacon, in his work on Benefit Societies and Life Insurance, Vol. 2 (3d ed.) §§400 (a) and 450, states that there is a conflict of opinion as to this rule, and cites a number of authorities for and against it; but he concludes (p. 1150) that "the weight of authority remains that the parties by agreement can not oust the courts of their jurisdiction," if the remedy which the parties provided by the by-laws and constitution has been pursued and exhausted. To the same effect is the text in 7 C. J. pp. 1078, 1118, and 19 R. C. L. p. 1233. Our own conclusion is that the court had jurisdiction.

Let us turn to the by-laws. The first paragraph of section 28 reads as follows: "Any pilot injured while

in the discharge of his duty shall (subject to his right of supplying a substitute as hereinafter provided) receive half pay, based upon the license held at the time the injury is received, until he is able to again perform his duties.'' Section 29 provides as follows: ''Any pilot prevented from performing his duties by sickness or injury, shall have the privilege of supplying a substitute to take his turn pending such disability, when he shall receive his full share of the savings the same as if he had served personally. He shall not, however, pay or agree to pay such substitute for his services, and should he do so he shall forfeit all rights hereunder.''

The appellees claim that when the plaintiff elected to come under section 29, he could not thereafter seek benefits under section 28. We think that is a too-restricted interpretation of the by-laws, which are to be reasonably and liberally construed: 7 C. J. 1077. There is no language in either of these sections which expressly provides that when a member elects to bring himself under one section, he is thereafter barred from seeking the benefits of another section, if changes in conditions warrant; they are not mutually exclusive. The appellees concede, in their argument, that the plaintiff is privileged to ask for benefits under section 45 of the by-laws, which provides that if a pilot is permanently incapacitated, he can go on the retired list and receive $125 per month. We do not see any sound reason for concluding that a pilot may elect, if eligible, to come under section 45, but that he may not come under section 28, notwithstanding he may be temporarily injured. It may be that an injured pilot, electing to come under section 28, expects a complete recovery in a short time; but his injury may prove more serious and of greater duration than he anticipated, or his substitute may become incapacitated, and he may be unable to obtain another to act for him.

Then he is an injured pilot who does not supply a substitute. In such circumstances, he is, admittedly, not debarred from benefits. If his injuries are temporary, he comes within section 28, as we agree with the appellees that this section applies to temporary injuries only; if permanent, section 45 applies. If the restricted limitation contended for by the appellees is to be imposed, clear and unequivocal language should have been used to express that meaning.

There remains, however, the question of fact—whether the appellant is temporarily or permanently injured. This is an issue for the jury to determine. If the jury should find, under proper instructions from the court, that the appellant was temporarily injured when suit was brought, he is entitled to a verdict; if permanently injured, then there can be no recovery in this action.

Judgment is reversed with a venire.