## Staunton

ROBERT T. CAMPBELL V. BROTHERHOOD OF LOCOMOTIVE
FIREMEN AND ENGINEMEN, ET ALS.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*Eugene C. Dickerson,* for the plaintiff in error.

*Thomas Stevenson,* and *Woods, Chitwood, Coxe & Rogers,* for the defendants in error.

HOLT, J., delivered the opinion of the court.

This litigation deals with the right of a member of a fraternal and mutual benefit association to appeal to the court for redress against his order where the rules of the order itself make provision for the adjudication of his demand, and declare that such judgment shall be final.

Campbell became a member of the defendant association in 1900 and has continued to be one of good standing. In May, 1932, his health failed and he applied for disability benefits. Upon examination his claim was disapproved. From that finding he took proper appeal, it was afterwards allowed, and benefits were paid May 13, 1932. Later and upon re-examination they were discontinued from and after November, 1933. He again appealed but in February, 1934, his appeal was definitely overruled by the final appellate tribunal of the order. Thereupon this action was instituted. The regularity of procedure is not questioned. This action is by way of attachment. The principal defendant is an unincorporated association, organized under the laws of the State of New York, with its principal office in Ohio.

E. A. Cabiness, financial secretary, and Magic City Lodge 182, a subordinate lodge of the Brotherhood, were made defendants. From an answer of the local lodge it appears that there was only $271.90 to the credit of the disability fund in it, a fund to which plaintiff had contributed regularly. Later the attachment was dismissed, no bond was given (Code, section 6385, as amended by Acts 1930, chapter 432, page 934), and the entire proceeding itself was dismissed on demurrer, because it appeared

from the face of the petition that the plaintiff's claim had been definitely rejected by the Board of Directors of the Grand Lodge, that tribunal under the Constitution of the order being vested, it is contended, with power to give final judgment.

In due course and in a proper way, plaintiff prosecuted his claim by successive appeals to the International President and to the Board of Directors, to an adverse judgment.

Article 2, section 5, of the order's Constitution, provides:

"In all cases where applications concerning participation in any of the insurance, or pension departments, or for benefits or allowances from such departments, are rejected, the applicant or lodge of which he is a member shall have the right of appeal to the International President and the Board of Directors, the decision of the Board of directors to be final."

To the same effect is subsection c, section 5, article 17, which declares that:

"An appeal may be taken from any decision of the International President to the Board of Directors on any matter properly submitted, except (1) A decision involving an interpretation of law of the organization which shall be final unless reversed by a Convention, or (2) A joint decision of the International President and one or more of the chief executives of other railroad organizations, on matters involving one or more of the organizations. The member making such an appeal shall notify the International President of his action. Decisions of the Board of Directors shall be final except where a trial is conducted by the board."

Section 25, article 8, and section 7, article 17, deal with the right of appeal to courts. They read:

"Sec. 25. Any and all right of action arising under any claim for disability benefit allowance in this department shall be absolutely barred unless suit is commenced by the member, or on his behalf in some court of competent jurisdiction within six (6) months of notice of

the final rejection of the claim by the Board of Directors. A notice of such rejection mailed to the last known post office address of the member shall be sufficient notice under this section."

"Sec. 7. (a) No member or subordinate lodge of the Brotherhood shall resort to the civil courts to correct or redress any alleged grievance or wrong, or to secure any alleged rights from or against any member, subordinate lodge or the organization, until such member or lodge shall first have exhausted all remedy by appeal, provided by the laws of the Brotherhood for the settlement and disposition of any such rights, grievances or wrongs.

"(b) Any member of the Brotherhood who shall violate any of the provisions of this section shall be penalized as provided in Article 16, section 12, paragraphs (b), (c), or (d), as the tribunal conducting the trial may determine."

Controversies between benevolent associations and their members constantly come. While their purposes are laudable, their definitions of rights and liabilities are at times confusing.

Where the matter is one of discipline or internal administration, the order itself is ordinarily supreme.

"As mutual benefit societies, whether incorporated or not, are formed by the purely voluntary association of individuals for the accomplishment of such objects as they have mutually agreed on, and as the selection of the purposes for which the association is established and the determination of the means by which those purposes shall be accomplished are peculiarly matters to be decided by the association alone, it is generally acknowledged that within their own field they are as supreme in matters of discipline and internal policy, not manifestly involving private rights, as a religious society, and that the members of such organizations can undoubtedly restrict themselves as to matters incidental to the operation of the association to remedies before the tribunal created by it. Accordingly in all matters of policy, discipline, or the internal economy of the organization, the rules by which

the members have agreed to be governed constitute the charter of their rights, and courts will decline, ordinarily, to take cognizance of any matter arising with reference thereto; but will leave all such questions to be settled in the manner pointed out by the regulations of the order." 19 R. C. L., page 1224.

*Franklin* v. *Sovereign Camp W. O. W.* 145 Okl. 159, 291 Pac. 513; *State* v. *Landwehr* (Mo. App.) 261 S. W. 699; *Commonwealth* v. *Union League,* 135 Pa. St. 301, 19 Atl. 1030, 8 L. R. A. 195, 20 Am. St. Rep. 870; *Correia* v. *Supreme Lodge of Portuguese Fraternity,* 218 Mass. 305, 105 N. E. 977; *Sweet* v. *Modern Woodmen of America,* 169 Wis. 462, 172 N. W. 143.

When we come to deal with property rights and with insurance features, there is less unanimity of opinion.

The weight of authority is to the effect that the right of ultimate appeal to the court is an inalienable right, and since it is inalienable it can not be bargained away.

"It also is generally held that, where the remedies within the order have been exhausted, recourse to the courts cannot be precluded by a stipulation that the decision of the society's own tribunals shall be final and conclusive, although some authorities have held that such stipulations, in the absence of fraud, make the decisions of the order as to the insurance binding on the members and their beneficiaries. However, the stipulation making the determination within the order conclusive will not, in any event' be construed to have that effect unless it is clear and unambiguous." 45 Corpus Juris, page 270; 19 R. C. L. 1231; *Employee's Benefit Ass'n* v. *Johns,* 30 Ariz. 609, 249 Pac. 764, 51 A. L. R. 1414, and note. Note 52 L. R. A. (N. S.) 824.

Cases dealing with this subject are too numerous to be catalogued. These serve to illustrate the rule which we have stated in general terms: *Supreme Council C. B. L.* v. *Grove,* 176 Ind. 356, 96 N. E. 159, 36 L. R. A. (N. S.) 913; *Pepin* v. *Societe St. Jean Baptiste,* 23 R. I. 81, 49 Atl. 387, 91 Am. St. Rep. 620; *Supreme Council of the Order of*

*Chosen Friends* v. *Forsinger,* 125 Ind. 52, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. Rep. 196; *Myers* v. *Jenkins,* 63 Ohio St. 101, 57 N E. 1089, 81 Am. St. Rep. 613; *Graham* v. *Alliance Hail Association,* 47 N. D. 425, 182 N. W. 463; *Honea* v. *American Council, No. 27, J. O. U. A. M., et al.,* 139 Tenn. 21, 201 S. W. 127, *Franklin* v. *Sovereign Camp W. O. W.,* 145 Okl. 159, 291 Pac. 513.

In *Virden* v. *Carpenter,* 112 Pa. Super. 82, 170 Atl. 399, 400, is cited with approval this statement of the law from Bacon on Benefit Societies and Life Insurance, vol. 2 (3d Ed.) 400 (a) and 450, "the weight of authority remains that the parties by agreement can not oust the courts of their jurisdiction."

In support of this rule various reasons are assigned, among them these: It is against public policy to deny the right of appeal to courts where property is involved. Those who sit in judgment do not truly represent both parties and the contract if it be a contract is to settle a dispute which has not yet arisen and whose character can not be known in advance.

This disability fund is not one to be used at discretion for the relief of sick persons and young children, but is one accumulated by certain payments to be in turn paid in certain sums to those entitled to take. In short, it is contended that this is a contract of insurance to be dealt with as are other contracts of insurance, and that while the order derives no profit it does not in turn differ from every mutual insurance company.

A number of courts sustain the power of the order to give final judgment as appears from these, and other cases which might be cited: *Rood* v. *Railway Passenger & Freight Conductors' Mut. Ben. Ass'n* (C. C.) 31 Fed. 62; *Benza* v. *New Era Ass'n* (1926), 323 Ill. 297, 154 N. E. 129; *Donnelly* v. *Supreme Council, Catholic Benev. Legion,* 106 Md. 425, 67 Atl. 276, 124 Am. St. Rep. 499.

These courts say that this is a sensible and practical rule, that it provides an easy, expeditious and inexpensive mode of settling disputes, is one assented to by the parties,

and would, if set aside, gravely hamper the administration of associations whose purpose violates no public policy and is beneficial in its net results.

It is sometimes said that these orders should be permitted to settle conclusively all questions of fact and that appeals to courts should be allowed only when propositions of law are involved. An able statement of what may be designated as a compromise conclusion appears in *Pennsylvania Co.* v. *Reager's Adm'r,* 152 Ky. 824, 154 S. W. 412, 413, 52 L. R. A. (N. S.) 841, Ann. Cas. 1915B, 312.

In that case one of the rules of the Relief Department reads: "All questions or controversies of whatsoever character arising in any manner, or between any persons in connection with the Relief Department or the operation thereof, shall be submitted to the determination of the superintendent of the Relief Department whose decision shall be final and conclusive thereof, subject to the right of appeal to the advisory committee, within thirty days after notice, to the parties interested, of the decision."

And further, "Questions as to the permanent character of disability and the continued payment of benefits on account of the same shall be determined by the advisory committee."

The last paragraph adds nothing to the first which deals with controversies of whatsoever character, and provides for their determination by the advisory committee. Nothing is said about appeal to courts thus distinguishing that case from this in judgment.

■ Plaintiff's course has not worked an estoppel. He appealed first to the Brotherhood as he was required to do. Had he failed he would now be told that this action was premature, *Robinson* v. *Templar Lodge No. 17,* 117 Cal. 370, 49 Pac. 170, 59 Am. St. Rep. 193. The necessity for such procedure was indirectly considered by us in *United Moderns* v. *Rathbun,* 104 Va. 736, 52 S. E. 552. There this error was assigned. It was claimed that plaintiff failed to "exhaust all remedies within the order by appeal as a preliminary to any other proceedings." That assignment

was overruled, the court saying: "We think the evidence shows a sufficient compliance with this provision; * * *."

Moreover the procedure adopted is by the defendant's constitution itself, article 17, sec. 7, made a condition precedent to the right of appeal.

We confine this decision to the particular facts before us. The procedure provided for in appeals to the order itself was followed. Plaintiff's claim was in the end rejected, subsequent to which this attachment was sued out.

Whatever may be the divergent views of courts as to the right of appeal, this much is certain, all doubtful questions must be decided in favor of the insured. The right of appeal to avail in any event must be denied in unequivocal terms, for the order writes its own contract and constitution. If it is not clear he is not to blame. Language must be so clear as to preclude any other construction. *Kelly* v. *Trimont Lodge, etc.,* 154 N. C. 97, 69 S. E. 764, 52 L. R. A. (N. S.) 823.

"The general rule applicable to insurance contracts is that that construction must be put upon the laws of the order, taken as a whole, which is most favorable to the insured and most protects the beneficiaries; and the court is not bound by the construction adopted by the society." *Pleasants* v. *Locomotive Engineers Mut. Life, etc., Ins. Ass'n,* 70 W. Va. 389, 73 S. E. 976, 977, Ann. Cas. 1913E, 490.

*Benza* v. *New Era Ass'n, supra;* 45 C. J. 270; 51 A. L. R. 1428; 19 R. C. L. 1334, note 9.

The constitution of the Brotherhood nowhere limits appeals to questions of law. That distinction which the court made in the case of Reager's Administrator could only be written into it by construction, and as we have seen in the Kentucky case no provisions were made for appeal at all.

We have already quoted at length from the constitution of the Brotherhood. Article 2, sec. 5, said that the decision of the Board of Directors should be final, which was fol-

lowed by sec. 25, article 8. It said that all claim for disability benefits finally rejected should be barred unless suit be brought within six months, while sec. 7 of article 17 declares that no member shall resort to a civil court for a redress of wrong until he had first exhausted remedies by appeal provided in the laws of the Brotherhood, a permit and limitation wholly meaningless, if there was no right of appeal at all.

Construing these provisions together, we think that the decision of the Board of Directors of the Brotherhood is final so far as the order itself is concerned, but it was recognized that in some states at least the right of appeal to the courts could not be denied, and so it was sought to limit that right to the extent possible. Hence the six months' limit. If this be not true, these provisions can not be reconciled if we construe them as written, and so we give the insured the benefit of the doubt.

The judgment appealed from must be reversed, the demurrer must be overruled, and this attachment proceeding heard upon its merits.

*Reversed and remanded.*