# D. Wayne Harrison

### v.

## Local 697, International Association of Bridge, Structural and Ornamental Iron Workers

Record No. 870200

March 3, 1989

Present: All the Justices

*Raymond R. Robrecht* for appellant.
*Lawrence C. Musgrove; Patrick J. Morgan*, for appellee.

RUSSELL, J., delivered the opinion of the Court.

This is a suit brought for injunctive relief and damages against a local trade union by one of its members. The sole question on appeal is whether the member exhausted the internal remedies prescribed by the union's constitution and by-laws before bringing suit. The trial court held that the member had failed to exhaust those remedies, and for that reason granted the defendant union's motion to dismiss. We agree, and affirm.

D. Wayne Harrison was a member of the executive committee of Local Union No. 697 (the local), a branch of the International Association of Bridge, Structural and Ornamental Iron Workers (the International), a trade union. In 1982, he was employed by the Oscar J. Boldt Construction Co. (the employer) in Covington. He was "laid off" by the employer in December 1982, but was told that he would be recalled within two to three weeks. He heard nothing further from the employer, but in March 1983, he received a copy of a letter from the employer to the local, which read: "Per your request, this letter is to notify you that we are exercising our option in the hiring hall clause of your agreement to not hire the following individuals: Wayne Harriston [sic] . . . ."

Harrison focused on the words "per your request" and concluded that the local had asked the employer not to rehire him.

He went to the employer but was told by one of its officers to take the matter up with the union. He went to the business representative of the local, who merely told him, "the company doesn't want you."

In September 1983, after several unavailing efforts to obtain relief from officers of the local, Harrison attempted to raise the matter as a grievance at a meeting of the executive board of the local, but "was denied any audience at all on the matter." He alleges that the local president, who was also a foreman with the same employer, cursed and struck him at the meeting. Harrison brought this suit in January 1984.

After discovery, the local moved to dismiss on the ground that Harrison had failed to exhaust the internal remedies provided by the constitution and by-laws of the International. The trial court, in a letter opinion, granted the motion and dismissed the suit by order entered in December 1986.

It is the general rule that members of labor unions, by assuming membership, subscribe to the rules governing the order, as expressed in its constitution and by-laws. Where those rules "provide a tribunal to hear and determine grievances of members, they must, as a condition precedent, proceed before such a tribunal before they are permitted to resort to court action." *International Brotherhood* v. *Bridgeman*, 179 Va. 533, 544, 19 S.E.2d 667, 671 (1942); *see also Campbell* v. *Brotherhood of Loc. Firemen*, 165 Va. 8, 15, 181 S.E. 444, 447 (1935). That rule is qualified by the proviso that the condition precedent does not apply where the member has "some good excuse" for failure to exhaust the union's internal remedies. *Bridgeman*, 179 Va. at 544, 19 S.E.2d at 671. Such a "good excuse" is made out where "union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim." *Clayton* v. *Automobile Workers*, 451 U.S. 679, 689 (1981). Harrison relies on that rule as his excuse for failing to exhaust the union's internal remedies.

The constitution of the International, Art. XIX, Sec. 4, provides:

No suit or other action at law or equity shall be brought in any court and no proceeding shall be initiated before any administrative agency by any officer or member of the International Association or any Local Unions affiliated with the International Association until and unless all rights, remedies

and reasonable provisions for hearing, trial and appeal within the International Association shall have been properly followed and exhausted by the officer, member or Local Union. This provision shall require resort to internal remedies for a period not exceeding four (4) months.

Section 10 of that article provides:

Charges may be preferred against any Local Union . . . for commission of any one or more of the following offenses:

. . . .

4. Defrauding, slandering or otherwise wronging any member of the Association.

Subsequent sections provide that such charges are to be filed with the General President of the International who is required to determine if they are of a nature "to justify trial." If the president deems a trial justified, he is required to arrange a trial "without unnecessary delay" before the International's General Executive Board. (Art. XIX, Sec. 10). That board consists of the General President, General Secretary, and a third General Officer appointed by the president (Art. XII, Sec. 1). A majority of the board, upon finding a grievance well-founded, has authority to expel a member or to revoke the charter of a local. (Art. XIX, Sec. 11). Appeals are provided to the General Executive Council and, if its decision be adverse, to the next regular convention of the International. (*Id.*)

█ The by-laws of the local also contain provisions for the determination of grievances between individual members and a "hiring-hall agreement" entered into between the local and Harrison's employer contains language which requires arbitration of disputes. Harrison argues that resort to those provisions would be fruitless because of the hostility demonstrated toward him at the local meeting in September 1983. He relies on that hostility as his excuse for failing to exhaust the union's internal remedies.

The flaw in Harrison's reasoning is that the local by-laws and the hiring-hall agreement apply only to grievances asserted against individual members. Harrison has chosen to sue only the local. The union has seen fit to provide only a single method of pursuing a grievance against a local: charges filed with the General President and trial before the General Executive Board as

prescribed by its constitution. By becoming a member, Harrison has subjected himself to the requirements of the union's constitution. Harrison makes no allegation or contention that the officers of the International, who must hear his grievance, have any knowledge of his dispute with the local, are affected by any bias against him, or that the hostility shown by officers of the local can be imputed to them.

We conclude that the trial court correctly decided that Harrison had failed to demonstrate any "good excuse" for his failure to exhaust the internal remedies prescribed by the constitution of his union before bringing this suit. Accordingly, the judgment of the trial court will be

*Affirmed.*